LUCIUS WELLS, appellant, *v.* HARMON G. REYNOLDS, appellee.

*Appeal from Rock Island.*

Where a suit is commenced before a justice of the peace, against three, and two only are served with process, and the cause is appealed to the Circuit Court, by the plaintiff, and process from that Court is served on only those two, the other defendant is not in Court, nor a party to the proceedings.

Where one defendant makes no defence, and the other defendant submits the cause as to him, to a jury, the jury should assess the damages against both.

Where two or more are sued upon a joint undertaking, the plaintiff must prove a joint contract, as to all of the defendants.

THIS cause was heard in the Court below, at the June term, 1841, before the Hon. Thomas C. Browne and a jury. The defendant appealed to this Court.

S. T. LOGAN, for the appellant.

J. LAMBORN, for the appellee.

BREESE, Justice, delivered the opinion of the Court:

This suit was originally commenced before a justice of the peace, in Rock Island county, by Reynolds against Joel Thompson, Lucius Wells, and John P. Judson, on an account for services as an attorney, amounting to $66.50. Judgment of nonsuit was rendered against Reynolds, and he appealed to the Circuit Court.

The record states, that on the trial of the appeal in the Circuit Court, Thompson was called and made no defence, process of summons having been served on him and Wells; and Wells went to trial by a jury. A verdict was rendered for Reynolds for $37.50, against Wells alone, upon which the Court gave judgment, together with the costs. It does not appear that Judson was ever served with process.

On the trial of the cause, Wells, by his attorney, moved the Court to instruct the jury " That if they believed, from the evidence, that either of the persons against whom the suit is brought, did not join in the contract with the others, the law is for the defendant." This instruction the Court refused to give, but instructed the jury, " That if there was an implied contract between the plaintiff and the defendants proved, the plaintiff was entitled to recover as well as upon an express contract." The defendant excepted to the refusal of the Court to give the first instruction, and a bill of exceptions was signed.

The case is brought here by appeal, and it is now assigned that there is error :

.*First.*   In rendering judgment against Wells alone, in a suit brought against him and two others, who were in Court, without disposing of the case as to the other two defendants ;

*Second.*   In rendering judgment against Wells alone, after default had been taken against Thompson, without disposing of the case in any way as to Thompson ;

*Third.*   In trying the cause without service of summons on Judson, or return of not found against him, the appeal having been taken against Wells, Thompson, and Judson ; and

*Fourth.*   In refusing to give the jury the instructions asked for by the defendant.

As to the first error assigned, it does not appear from the record that Judson was ever served with process, either to appear before the justice originally, or in the Circuit Court, on the appeal.   The only parties before the Court were the plaintiff, Reynolds, and two of the defendants, Thompson and Wells, and they were the defendants who contested the suit before the justice.

The last clause of the seventh section of the "*Act concerning Justices of the Peace and Constables,*" approved February 23, 1827, (1) provides, that when there are several joint debtors, and all cannot be served with process, the justice may render judgment against such as are served with process.   It would seem to follow from this provision, that appeals in such cases are properly taken by, or against the parties served, without noticing the others not served.

If an appeal be taken, the same act provides that the appellee shall be summoned to appear at the Circuit Court; and by the thirty-third section, " If it shall appear that the appellee is not found in the county, the Court shall continue the case until the next term, and shall then proceed to try the case."

In this case, the cause was continued at the next term after the appeal, and at the following term it was tried, without any notice being taken of Judson, the summons having been duly served upon Thompson and Wells.   The first error, then, does not appear to be sustained by the facts in the record.

As to the second error, the record shows that on calling the cause for trial, Thompson being called, made no defence, and Wells submitted the case as to him, to a jury, who rendered a verdict against him alone, on which the Court gave judgment, without noticing Thompson.

This was clearly erroneous.   The jury trying the cause as against Wells, should also at the same time, have assessed the damages as against Thompson, on which a joint judgment should have been rendered against Wells and Thompson.   By making no defence, Thompson admitted a cause of action to exist against him, and he

(1) R. L. 389 ; Gale's Stat. 404.

should have been joined in the judgment, or the case, as to him, disposed of in some way.

The third error does not seem, for reasons already given, to be well assigned. Judson was not a party to the appeal, he never having been served with process, and a judgment against the others might be regular without noticing him.

The fourth error is well assigned. The instruction, as asked for by the defendant, Wells, has a clear reference to a familiar principle, governing actions upon contracts, that where two or more are sued as upon a joint undertaking, the plaintiff must prove a joint contract. It should then have been left to the jury, under instructions from the Court, to determine whether there were or not three joint contractors; and if the evidence established there were not, three having been sued as such, they should have found for the defendant.

It is undoubtedly true, as stated by the Court, in the instruction given, that such a contract might be either an express one, or one implied in law, yet the main principle that three being sued, a joint contract as to them must be proved, or the plaintiff must fail in his action, by refusing the instruction asked for, was excluded from the jury.

For these errors the judgment of the Circuit Court is reversed, at the cost of the appellee here, and the cause remanded to the Circuit Court of Rock Island for further proceedings.

*Judgment reversed.*

*Note. See* McConnel *v.* Swailes, 2 Scam. 573, and note.